UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUAN MANUEL GONZALEZ-CIFUENTES,

                                Plaintiff,            9:04-CV-1470
                                                        (GLS)(DRH)
          v.

CONSTANCE TORRES, Key Board Specialist II; DEPUTY
SUPERINTENDENT OF SECURITY; R. DOLING, Hearing
Officer; DONALD SELSKY, Director, Inmate Disciplinary
Program; GARY GREENE, Superintendent, Marcy
Correctional Facility; GLENN S. GOORD, Commissioner,
State of New York Department of Correctional Services,

                                Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

JUAN MANUEL GONZALEZ-CIFUENTES
Plaintiff, *pro se*

HON. ELIOT SPITZER                      JEFFREY P. MANS, Esq.
New York State Attorney General           Assistant Attorney General
Attorney for Defendants

DAVID R. HOMER, U.S. Magistrate Judge

### ORDER

Plaintiff Juan Manuel Gonzalez-Cifuentes ("Plaintiff") commenced this civil rights action to challenge conditions of his confinement by filing a complaint on December 20, 2004. *See* Dkt. No. 1. After filing the required inmate authorization form, Plaintiff was granted *in forma pauperis* status. The Court forwarded Plaintiff's inmate authorization form to the appropriate prison official. Thereafter, Plaintiff advised the Court that he "failed in his complaint to make it clear he was an immigration detainee. Plaintiff only mentioned he was a 'Lawful Permanent Resident

presently detained at Bergen County Jail.'" Dkt. No. 12 at 1. Plaintiff indicates that he is being held "under civil detention awaiting removal from the United States" and argues that, as a civil detainee awaiting deportation, he is exempt from the fee requirements imposed by 28 U.S.C. 1915. Dkt. No. 12 at 1. With his request, petitioner submits his affirmation attesting to the fact that he is an immigration detainee placed at Bergen County Jail,[1] and that "he is not a pre-trial detainee, but that he is awaiting removal from the United States."[2] *Id.* at 3.

The fee requirements of the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 1000 Stat. 1321 (1996), do not apply to Plaintiff. The PLRA states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1). The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Because Plaintiff is an immigration detainee, he is not a prisoner under the PLRA and the PLRA's full payment provision does not apply to him. *See Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (full payment provision of the PLRA does not apply to civil detainee); *Agyeman v. INS*, 296 F.3d 871 (9th Cir. 2002) (INS detainee is

---

[1] Plaintiff was incarcerated at Bergen County Jail when he submitted his complaint on December 20, 2004, but has since been transferred to Hudson Correctional Facility in Kearny, New Jersey. *See* Dkt. No. 26.

[2] *See also Gonzalez-Cifuentes v. U.S. Department of Homeland Security*, No. Civ. 04-4855, 2005 WL 1106562, at *1 (D.N.J. May 3, 2005) (stating that plaintiff "is an immigration detainee presently confined at the Bergen County Jail."

2

not a "prisoner" under the PLRA); *LaFontant v. INS*, 135 F.3d 158, 165 (D.C.Cir. 1997) (same); *Grieg v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) (former prisoner not required to comply with the PLRA).

WHEREFORE, it is hereby

ORDERED, that Plaintiff's obligation to pay the filing fee of $150.00, incrementally or otherwise, is hereby waived. Plaintiff may continue to proceed with this action *in forma pauperis* without payment of the fee, and it is further

ORDERED, the Clerk shall serve a copy of this Order upon the Bergen County Sheriff, as well as upon Plaintiff's current custodian, as proof that Plaintiff is **NOT** required to pay the statutory filing fee of $150.00. No further payments shall be deducted from Plaintiff's inmate account for such filing fee in regards to this action, and it is further

ORDERED, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

IT IS SO ORDERED.

David R. Homer
U.S. Magistrate Judge

Dated: November 30, 2005