**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JUAN MANUEL GONZALEZ-CIFUENTES,

                        Plaintiff,

    v.                                          No. 04-CV-1470
                                                     (GLS/DRH)

CONSTANCE TORRES, Key Board Specialist II;
DEPUTY SUPERINTENDENT OF SECURITY;
R. DOLING, Hearing Officer; DONALD SELSKY,
Director, Inmate Disciplinary Program; GARY
GREENE, Superintendent, Marcy Correctional
Facility; and GLENN S. GOORD, Commissioner,
State of New York Department of Correctional
Services,

                                  Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

JUAN MANUEL GONZALEZ-CIFUENTES
Plaintiff Pro Se
c/o Alvara and Anne S. Gonzalez
145 Glen Road
North Babylon, New York 11703

HON. ANDREW M. CUOMO             JEFFREY P. MANS, ESQ.
Attorney General for the                Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Juan Manuel Gonzalez-Cifuentes ("Gonzalez"), an inmate formerly in

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, six DOCS employees, violated his constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments.  Compl. (Docket No. 1).  Presently pending is (1) defendants' motion[2] to dismiss the complaint pursuant to Fed. R. Civ. P. 12(c) (Docket No. 34), and (2) Gonzalez's motion to compel discovery (Docket No. 31).  For the following reasons, it is recommended that defendants' motion be granted and that defendant Deputy Superintendent of Security be dismissed without prejudice.  It is also ordered that Gonzalez's motion be denied without prejudice.

### I. Background

The facts as alleged in the complaint are assumed to be true for the purposes of this motion.  See Section II(A) infra.

In October 2001, while incarcerated at Great Meadow Correctional Facility in Comstock, New York, Gonzalez sent a $500 cash gift to the home of defendant Torres, a keyboard operator at Great Meadow.  Compl. at ¶ 15.  Torres took offense to the gift and retaliated against Gonzalez by filing a false inmate misbehavior report and having him placed in the Special Housing Unit ("SHU").[3]  Id. at ¶ 17, 19-20.  While in SHU, defendants

---

[2] The motion is made on behalf of all defendants except defendant Deputy Superintendent of Security.  See section III infra.

[3] SHUs exist in all maximum and certain medium security facilities.  The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ."  N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (2006). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required.  Id. at pt. 301.

2

ordered a search of Gonzalez's prison cell and confiscated twenty-five of his personal letters from his family.  Id. at ¶¶ 21-22.  On October 31, 2001, Gonzalez was served by Torres with an inmate misbehavior report for charges relating to the sending of the $500 gift.  Id. at ¶ 23.  On November 13, 2001, after a Tier III hearing[4] before defendant Doling, Gonzalez was found guilty of harassing Torres and sentenced to ninety days in keeplock.[5]  Id. at ¶ 24-28.  Gonzalez appealed the hearing disposition, but it was affirmed by defendant Selsky.  Id. at ¶ 29.

Gonzalez also filed a grievance complaining that the $500 was not credited to his inmate account or put in his personal property, but the grievance was denied.  Id. at ¶ 32-33.  Gonzalez then filed an Article 78 proceeding[6] in New York Supreme Court, but that action was dismissed.  Id. at ¶¶ 34, 38.  On April 11, 2003, Selsky reversed the disposition of Gonzalez's November 2001 disciplinary hearing.  Id. at ¶ 37.  This action followed.

## II. Discussion

Gonzalez asserts eleven causes of action in the complaint, alleging, inter alia, that defendants retaliated against him by filing a false misbehavior report, illegally seized his

---

[4] DOCS regulations provide for three tiers of disciplinary hearings depending on the seriousness of the misconduct charged.  A Tier III hearing, or superintendent's hearing, is required whenever disciplinary penalties exceeding thirty days may be imposed.  N.Y. Comp. Codes R. & Regs. tit. 7, §§ 253.7(iii), 270.3(a) (2006).

[5] "Keeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities." Green v. Bauvi, 46 F.3d 189, 192 (2d Cir. 1995); N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6 (1995).

[6] N.Y. C.P.L.R. art. 78 (McKinney 1994 & Supp. 2006) establishes the procedure for judicial review of the actions and inactions of state and local government agencies and officials.

3

photographs and money, denied him access to the courts, and repeatedly violated his due process and equal protection rights.  See Compl. at ¶¶ 43-66.  Defendants seek dismissal of all claims.

### A. Motion to Dismiss

"The test for evaluating a [Fed. R. Civ. P.] 12(c) motion is the same as that applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998); Burke v. New York, 25 F. Supp. 2d 97, 99 (N.D.N.Y. 1998) (Munson, J.).  Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant."  Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

When a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion.  Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)).  This is true even if "the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him [or her] to relief."  Id.  "'This caution

against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation.'" Lugo, 114 F. Supp. 2d at 113 (citation omitted); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006).

## B. Fourteenth Amendment

In his complaint, Gonzalez repeatedly contends that he was denied "due process of law" in violation of the Fourteenth Amendment. Defendants' contend that Gonzalez has failed to state a cognizable due process claim.

### 1. Liberty Interest

As a threshold matter, an inmate asserting a violation of his or her right to due process must establish the existence of a protected interest in life, liberty, or property. See Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001). To establish a protected liberty interest, a prisoner must satisfy the standard set forth in Sandin v. Conner, 515 U.S. 472, 483-84 (1995). This standard requires a prisoner to establish that the deprivation was atypical and significant in relation to ordinary prison life. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996).

Liberally construing the complaint, Gonzalez's protected liberty interest appears to be his sentence of ninety days in keeplock. "The Second Circuit has held that at least where the period of confinement exceeded thirty days, "refined fact-finding" is required to resolve defendants' claims under Sandin. Colon v. Howard, 215 F.3d 227, 230 (2d Cir. 2000)). No such fact-fidning can occur here on a motion to dismiss. Accordingly, defendants' motion

5

on this ground should be denied.

### 2. Due Process

At a prison disciplinary proceeding, an inmate is entitled to (1) advance written notice of the charges, (2) an opportunity to call witnesses if it conforms with prison security, (3) a statement of evidence and reasons for the disposition, and (4) a fair and impartial hearing officer.  Kalwasinski v. Morse, 201 F.3d 103, 108 (2d Cir. 1999) (citing Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974)).  Additionally, the finding of guilt must be supported by some evidence in the record to comport with due process.  Massachusetts Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); Gaston v. Coughlin, 249 F.3d 156, 162 (2d Cir. 2001).

Here, Gonzalez fails to allege any violation of the procedural protections required by Wolff.  See Wolff, 418 U.S. at 563-64.  Liberally construing the complaint, Gonzalez's only objection to the disciplinary hearing was that he was found guilty of harassment without evidence to support the hearing officer's verdict.  See Compl. at ¶¶ 49, 51.  However, Gonzalez admits that he sent the $500 gift to Torres at her home address.  See id. at ¶¶ 15, 47.  Thus, Gonzalez's real objection to the disciplinary hearing is not lack of evidence but Doling's determination that the sending of $500 to Torres constituted "communication of a personal nature punishable as harassment."  Id. at ¶ 27.  Mere disagreement with the hearing officer's determination, or the fact that a hearing officer's determination was later overturned, does not, without more, constitute a violation of due process.

Therefore, it is recommended that defendants' motion on this ground be granted as to Gonzalez's due process claims.

**C. Equal Protection**

Liberally construed, Gonzalez alleges that defendants discriminated against him because of his race (Hispanic) in violation of his equal protection rights under the Fourteenth Amendment. Comp. at ¶¶ 45, 47, 61. Defendants contend that this claim is without merit. See Defs. Mem. of Law (Docket No. 34) at 3, 6.

The Fourteenth Amendment's Equal Protection Clause mandates equal treatment under the law. Essential to that protection is the guarantee that similarly situated persons be treated equally. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "In order to establish an equal protection violation, the plaintiffs must show that they were treated differently than other people in similar circumstances and must establish that such unequal treatment was the result of intentional and purposeful discrimination." Myers v. Barrett, No. Civ. 95-1534(RSP/GJD), 1997 WL 151770, at *3 (N.D.N.Y. Mar. 28, 1997). In addition, a valid equal protection claim may be brought by a "class of one" "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005).

Here, Gonzalez makes only vague and conclusory allegations that he was denied the equal protection of the laws and thus has failed sufficiently to show an equal protection violation. See De Jesus v. Sears Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996). Equally significant here is that the complaint contains no allegation as to which inmates in a similar situation were treated differently than Gonzalez. Oliver v. Cuttler, 968 F. Supp. 83, 88 (E.D.N.Y. 1997).

7

Therefore, it is recommended that defendants' motion on this ground be granted.

### D. Retaliation

Gonzalez contends that as a result of being Hispanic and sending $500 to Torres, defendants retaliated against him by filing a false misbehavior report and sentencing him to ninety days in keeplock. See Compl. at ¶ 47. Defendants contend that Gonzalez's conclusory allegations of retaliation must be dismissed as they fail to state a claim.

In order to state an actionable claim for retaliation, a plaintiff must first allege that the plaintiff's conduct was constitutionally protected and that this protected conduct was a substantial factor that caused the adverse action against plaintiff. Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Retaliation claims are actionable because they may tend to chill an individual's exercise of constitutional rights. Id. at 491. However, courts must view retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters. Id. Conclusory allegations alone are insufficient to overcome a motion to dismiss in a civil rights action. Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987).

Here, Gonzalez contends that defendants retaliated against him "simply for being Hispanic and having exercised the right and privilege secured to him by the U.S. Constitution of giving money as a present to whoever he chose[s]. . . ." Compl. at ¶ 47. First, neither of Gonzalez's alleged reasons for defendants' retaliation against him rise to the level of constitutionally protected conduct. Even liberally construed, nothing about the gift brings this conduct within the scope of the First Amendment right of association. That right protects "the right to create and sustain a family, marry, engage in childbirth, raise and

educate one's children, and cohabitate with one's relatives . . . ." Braverman v. Suburban Scholastic Council, No. 99-CV-1377, 2000 WL 554256, at *2 (N.D.N.Y. May 4, 2000). "The Constitution does not recognize a generalized right of social association." Sanitation & Recylcing Indus. v. City of New York, 107 F.3d 985, 996 (2d Cir. 1997). At most, Gonzalez has alleged here a "generalized right of social association" and, therefore, his conduct falls outside the scope of the First Amendment. No other constitutional right could foreseeably be implicated here. Thus, Gonzalez fails sufficiently to allege a constitutionally protected activity as the genesis of the alleged retaliation.

Second, Gonzalez alleges in only bare, conclusory terms that these alleged acts were taken in retaliation for his alleged constitutionally protected conduct. See Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) ("a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone"). Thus, Gonzalez has not alleged specific facts that "give rise to a colorable suspicion of retaliation." Id.

Therefore, it is recommended that defendants' motion on this ground be granted as to gonzalez's claims of retaliation.

### E. Seizure of Property

Gonzalez contends that defendants searched his cell "without any reason or institutional interest" and seized twenty-five of his letters from his family. Compl. at ¶ 57. However, the Fourth Amendment does not prohibit such warrantless searches in a prison environment. See Hudson v. Palmer, 468 U.S. 517, 526 (1984) ("the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell"). Thus, even if searches of Gonzalez's cell and seizures of property occurred without a

warrant or without probable cause as required by the Fourth Amendment, Gonzalez has no basis for a claim.

Gonzalez also contends that defendants must return the $500 he sent to Torres and the letters seized from his cell. Compl. at ¶¶ 42, 57, 59. "The Supreme Court has held that 'an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.'" Pitsley v. Comm'r of Corrs., No. Civ. 96-0372(RSP/DS), 1998 WL 178805, at *8 (N.D.N.Y. Apr. 13, 1998) (quoting Hudson, 468 U.S. at 533)). Because the State of New York allows inmates to pursue property deprivation claims in the New York Court of Claims, and Gonzalez could have done so here, Gonzalez has no viable § 1983 claim. See Pitsley, 1998 WL 178805, at *8 (citing Smith v. O'Connor, 901 F. Supp. 644, 647 (S.D.N.Y. 1995)).

Therefore, it is recommended that defendants' motion on this ground be granted as to these claims.

### F. False Misbehavior Report

Gonzalez contends that "because of his race, Defendant Torres concocted a false misbehavior report" against him. Compl. at ¶ 45. However, an "'inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.'" Alnutt v. Cleary, 913 F. Supp. 160, 166 (W.D.N.Y. 1996) (quoting Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "There must be more, such as retaliation against the prisoner for exercising a constitutional right." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (citing Franco v.

10

Kelly, 854 F.2d 584, 588-90 (2d Cir. 1988)). Here, as discussed supra, Gonzalez fails properly to allege that defendants took any retaliatory action in response to his exercising a constitutional right and therefore fails to allege a constitutional violation.

Therefore, it is recommended that defendants' motion on this ground be granted.

### G. Access to Courts

Liberally construed, Gonzalez contends that he was denied access to the courts in violation of the First Amendment. Compl. at ¶ 39.

All persons have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996); Monsky v. Moraghan, 127 F.3d 243, 246 (2d Cir. 1997). To establish a violation of the right of access to the courts, a prisoner must demonstrate that his or her efforts to pursue a legal claim were impeded. Lewis, 518 U.S. at 351; Bourdon v. Loughren, 386 F.3d 88, 92-93 (2d Cir. 2004). A plaintiff must demonstrate not only that a defendant's conduct was deliberate and malicious but also that this conduct caused an actual injury such as the "dismissal of an otherwise meritorious legal claim." Cancel v. Goord, No. 00-CV-2042(LMM), 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) (citing Lewis, 518 U.S. at 351).

Here, Gonzalez alleges that Selsky attempted "to obstruct justice and deny Plaintiff access to the courts." Compl. at ¶ 39. However, Gonzalez identifies no particular case or claim which was impeded or how any defendant's conduct impeded his litigation of a claim or defense. He has thus failed sufficiently to allege any actual injury from this alleged incident, much less that Selsky's [or any other defendants] conduct was "deliberate and malicious." Thus, Gonzalez has no viable claim on this ground.

11

Case 9:04-cv-01470-GLS-DRH   Document 43-2   Filed 02/13/07   Page 12 of 14

Therefore, it is recommended that defendants' motion on this ground be granted as to all such claims.

### H. Conspiracy

In his ninth cause of action, Gonzalez alleges that defendants conspired "to punish [him] because he was a Hispanic inmate and to deprive him of his right to due process and equal protection. Compl. at ¶ 61. To state a claim for relief under 42 U.S.C. § 1985(3), a plaintiff must show

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

Mian v. Donaldson, Lufkin, & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir.1993). Here, even assuming that Gonzalez has sufficiently alleged an agreement among the defendants, for the reasons stated above, Gonzalez has failed sufficiently to allege as the objects of the conspiracy a deprivation of either due process or equal protection. See subsections II(B) & (C) supra. Moreover, Gonzalez only makes conclusory allegations of a conspiracy between the defendants. Thus, Gonzalez's conspiracy claims must fail. See Webb v. Goord, 340 F.3d 105, 111 (2d Cir. 2003) (holding that conclusory statements alone cannot support a conspiracy allegation).

Therefore, it is recommended that Gonzalez's conspiracy claim be dismissed.

### I. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct did not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229 (N.D.N.Y. 2002), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, as discussed supra, accepting all of Gonzalez's allegations as true, he has not shown that defendants violated his constitutional rights.

Therefore, in the alternative, defendants' motion to dismiss on this ground should be granted.

### III. Unserved Defendant

Defendant Deputy Superintendent of Security has neither been served with process nor further identified. See Docket Entry dated Mar. 2, 2005 (summons issued). This defendant has not appeared in the action and was not a party to defendants' motion here. More than 120 days have now passed. Accordingly, it is recommended that the complaint be dismissed as to defendant Deputy Superintendent of Security without prejudice pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b).

### IV. Gonzalez's Motion to Compel

Also pending is Gonzalez/s motion to compel discovery. Docket No. 31. If the recommendations herein are adopted by the district court, that motion will be moot. Accordingly, Gonzalez's motion is denied without prejudice to renewal if the district court denies defendants' motion as to any claim or defendant.

### V. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that:

1. Defendants' motion to dismiss (Docket No. 34) be **GRANTED** as to all moving defendants and all claims; and

2. Defendant Deputy Superintendent of Security be **DISMISSED** from this action without prejudice; and

**IT IS ORDERED** that Gonzalez's motion to compel (Docket No. 31) is **DENIED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: January 16, 2007
      Albany, New York_____

_David R. Homer_
United States Magistrate Judge